THE BRUNSWICK.

(District Court, E. D. Louisiana, New Orleans Division. March 16, 1920.)

No. 15949.

SHIPPING ⬡134—VESSEL NOT LIABLE FOR BREACH OF CONTRACT OF SHIPMENT, DUE TO SEIZURE UNDER EXECUTION.

Under Harter Act, § 3 (Comp. St. § 8031), providing that neither a vessel nor her owner shall be held responsible for damages or loss resulting from seizure under legal process, a vessel was not liable for failure to transport freight received on the wharf, and for which bills of lading were issued, where the failure was due to the seizure of the vessel under execution.

In Admiralty. Libel by the Milam Morgan Company, Limited, against the steamship Brunswick. On submission on the merits. Libel dismissed.

Solomon Wolff, of New Orleans, La., for libelant.

Spencer, Fenner, Gidiere & Phelps, of New Orleans, La., for claimant.

FOSTER, District Judge. This is a libel for damages for failure to transport certain freight after it had been received on the wharf. The steamship Brunswick was owned by the Baldje Steamship Company. She came into the port at New Orleans on August 12, 1918. On Au-

gust 13th bills of lading were issued by the agent of the steamship company for 1,375 sacks of feed. The freight was actually delivered on the wharf. On August 15th the vessel was seized under execution issued by the civil district court for the parish of Orleans, and on October 18th the vessel was purchased at the sheriff's sale by the claimant, the Truxillo Steamship Corporation. The libel was filed against her December 14, 1918, and she was seized under admiralty process.

There is no doubt that the vessel failed to lift the freight, and the damages claimed ensued to the shipper. The claimant seeks to avoid liability on the ground that the freight was not loaded on the ship, and also under the third section of the Act of February 13, 1893, 27 Stat. 445 (Comp. St. § 8031), known as the Harter Act. The Harter Act provides that neither the vessel nor her owner shall be held responsible for damages or loss resulting from acts of God, public enemies, etc., or "seizure under legal process."

Apparently no court has been called upon to construe this last provision. Conceding that the act is to be strictly construed, it is quite evident that it was the intention of Congress to relieve the ship and her owner from all liability for damages rising from causes beyond their control. There can be no doubt that the damage in this case was caused solely by the seizure of the vessel in the state court, which prevented her making the voyage; therefore the ship is protected by that particular clause in the Harter Act. It is unnecessary to pass upon any other features of the case.

The libel will be dismissed.